IIN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MERCEDES SALAZAR-VALENZUELA,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>ESTELA DERR, WARDEN,<br><br>　　　　　Respondent. | Case No. 22-cv-00525-DKW-WRP<br><br>**ORDER DENYING PETITION FOR A WRIT OF *HABEAS CORPUS*** |

Mercedes Salazar-Valenzuela petitions this Court pursuant to 28 U.S.C. § 2241 for a writ of *habeas corpus*, requesting that the Bureau of Prisons ("BOP") apply First Step Act ("FSA") time credits to her elderly offender release date, resulting in her immediate placement on home confinement. Even assuming Salazar-Valenzuela is eligible for FSA credits, the application of such credits will not advance her elderly offender release date. Therefore, Salazar-Valenzuela's petition is DENIED.

## **LEGAL STANDARD**

A district court may issue a writ of *habeas corpus* when a federal prisoner establishes that she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Before seeking relief under 28 U.S.C. § 2241, "a petitioner must first, as a prudential matter, exhaust his or her

available administrative remedies." *Singh v. Napolitano*, 649 F.3d 899, 900 (9th Cir. 2011) (per curiam) (internal quotation marks omitted).  Exhaustion may be waived only "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir. 1981)).

## RELEVANT BACKGROUND

On December 17, 2012, the United States District Court for the District of Arizona sentenced Salazar-Valenzuela to 210 months' imprisonment and five years of supervised release for conspiracy and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Dkt. No. 6-1.  Salazar-Valenzuela's projected date of release, with all current credits, is October 29, 2026.  Dkt. No. 6-3 at 3.  Further, under the Attorney General's "elderly offender" program,[1] Petitioner is eligible to serve the final one-third of her sentence in home confinement.  *Id.*; 34 U.S.C. § 60541(g).  As she was incarcerated beginning December 1, 2011, two-thirds of her 210-month term, or 140 months, results in an elderly offender release date of July 31, 2023.  *Ibid.*

---

[1] Under 34 U.S.C. § 60541(g), offenders who are at least sixty years old and who otherwise meet the statutory qualifications may serve the final one-third of their terms of incarceration in home confinement.

2

On December 19, 2022, Salazar-Valenzuela filed a petition for writ of *habeas corpus*. Dkt. No. 1. Therein, she contends that she is entitled to FSA credits which, if calculated correctly, would result in her immediate release to home confinement. *Id.* Salazar-Valenzuela claims that her FSA credits have been withheld solely because the BOP mistakenly documented her as having an immigration "detainer," which would have rendered her ineligible for the credits. *Id.* As she claims she is *not* subject to a detainer, she believes she is thus eligible for the maximum 365 days of FSA credits and should have been released to home confinement on July 31, 2022—365 days before her current elderly offender release date. *Id.*; *see also* Dkt. No. 7 (Salazar-Valenzuela's reply brief).

On February 10, 2023, the Government filed a Response. Dkt. No. 6. The Government first conceded that Salazar-Valenzuela is correct in that she is not ineligible for FSA credits on the basis of any immigration detainer, due to a February 6, 2023 BOP Change Notice that ceased disqualifying inmates with detainers and unresolved immigration status from eligibility. *Id.* at 4. The Government then explained that the BOP's system had not yet updated to reflect the February 6, 2023 change in policy, and, therefore, Salazar-Valenzuela might be entitled to FSA credits. *Id.* at 8–9. However, the Government argued that Salazar-Valenzuela's petition should nevertheless be denied because she had not exhausted her administrative remedies before filing suit. *Id.* at 5–9. In addition, the

Government reasoned that if Salazar-Valenzuela is eligible for the maximum 365 days of FSA credits, her earliest possible projected release date will be October 29, 2025—365 days prior to her current projected release date—giving the BOP ample time to perform its update/recalculation and giving Salazar-Valenzuela ample time, if needed, to challenge that update/recalculation through the administrative process if she disagrees with the results.[2]

On February 17, 2023, Salazar-Valenzuela replied, contending that she should be excused from exhausting her administrative remedies. She claims exhaustion would result in irreparable injury—wrongful imprisonment—since she believes she is eligible for *immediate* release to home confinement, not, as the Government claims, release no earlier than October 29, 2025. Dkt. No. 7 (citing *Laing*, 370 F.3d at 1000).

On February 21, 2023, the Court issued an order directing the Government to provide supplemental briefing on the interplay between the elderly offender

---

[2] On March 25, 2022, Salazar-Valenzuela submitted a formal administrative remedy request via BP-9 Form to Warden Derr on this matter, but her request was rejected because she had skipped the prerequisite step—to attempt informal resolution with her unit team via BP-8 Form. However, rather than correcting this error, Salazar-Valenzuela instead appealed the rejection to the BOP's Western Region Office via BP-10 Form. That office denied the appeal on May 27, 2022 on the same procedural grounds. Salazar-Valenzuela then appealed again, this time to the BOP's Central Office via BP-11 Form, which rejected the appeal on September 26, 2022 due to the same procedural error. *Id.* Therefore, the merits of Salazar-Valenzuela's grievance have not been addressed through the administrative process. In order to exhaust her remedies, she must start over at the first step and complete the initial BP-8 Form, as the BOP advised her long ago. *See* Dkt. No. 6 at 6–8. Salazar-Valenzuela does not dispute that she has failed to exhaust. *See* Dkt. Nos. 7, 11.

program and FSA credits—specifically, whether Petitioner's elderly offender release date would be affected if she was awarded the full 365 days' FSA credit in the BOP's forthcoming recalculation. Dkt. No. 8. The Court reasoned that, if Salazar-Valenzuela was correct that the FSA credits would advance her elderly offender release date to July 31, 2022, the matter would indeed be more urgent than the Government's briefing suggested, and exhaustion might be waivable. *Id.*; *Laing*, 370 F.3d at 1000.

On March 10, 2023, the Government filed its supplemental brief, explaining that, first, the BOP had determined that Salazar-Valenzuela may not be eligible for FSA credits because she received an "organizer or leader" sentencing enhancement in relation to her underlying drug conviction. Dkt. No. 9 at 4–5 (citing 18 U.S.C. § 3632(d)(4)(D)(lxv)). Second, the Government stated that a prisoner's elderly offender release date is not affected *at all* by the application of FSA credits. A prisoner's elderly offender date is determined by calculating two-thirds of the *entire term of imprisonment to which the prisoner was sentenced*; it is *not* a percentage of the projected time the prisoner will actually serve with FSA and other credits. In other words, if Salazar-Valenzuela *is* eligible for 365 days' FSA credits, her overall projected release date will advance to October 29, 2025, but her projected elderly offender release date will not change. The latter date will remain

5

at two-thirds of her entire 210-month sentence, or 140 months from her initial incarceration on December 1, 2011—July 31, 2023.

On March 17, 2023, Salazar-Valenzuela responded, claiming she is eligible for FSA credits, despite her status as an organizer or leader. *See* Dkt. No. 11 (citing *United States v. Palmer*, 35 F.4th 841 (1st Cir. 2022)). However, she does not refute the Government's argument that, even if she is eligible for FSA credits, her elderly offender release date will not advance. *Id.*

## DISCUSSION[3]

The Court finds that Salazar-Valenzuela's elderly offender release date will not advance even if she is awarded all of the FSA credits to which she claims entitlement. The elderly offense release date is based on an inmate's entire term of imprisonment—not the projected amount of time the prisoner will actually serve with credits. *See* 34 U.S.C. § 60541(g)(5)(A)(ii) ("The term 'eligible elderly offender' means an offender . . . who is serving a term of imprisonment . . . and has served 2/3 *of the term of imprisonment to which the offender was sentenced*.") (emphasis added); Dkt. No. 6-3 at 3 (setting forth Salazar-Valenzuela's sentence computation data, including her elderly offender two-thirds date); Dkt. No. 11

---

[3]As Salazar-Valenzuela is *pro se*, the Court has liberally construed her pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

(declining to refute the BOP computation). As a result, Salazar-Valenzuela's elderly offender date will remain July 31, 2023 regardless of any FSA credits.

A dispute still exists over whether Salazar-Valenzuela is, in fact, eligible for FSA credits as an organizer or leader of a drug conspiracy, which could affect whether her date of release from her sentence will remain October 29, 2026 or advance to as early as October 29, 2025. However, that earliest possible date is approximately two-and-a-half years away. Therefore, Salazar-Valenzuela has ample time to utilize the BOP's administrative remedy process if dissatisfied with the BOP recalculation that—as far as the Court is aware—has not yet occurred, without suffering any injustice.

## CONCLUSION

For the reasons stated herein, Salazar-Valenzuela's petition for a writ of *habeas corpus*, Dkt. No. 1, is DENIED.

IT IS SO ORDERED.

DATED: March 29, 2023 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*Mercedes Salazar-Valenzuela vs. Estela Derr*; Civil No. 22-00525 DKW-WRP;
**ORDER DENYING PETITION FOR A WRIT OF *HABEAS CORPUS***